UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE MATTHEW WILDE,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BUTTE; BUTTE COUNTY SHERRIF'S OFFICE, JASON MILLER,<br><br>Defendants. | No. 2:20-cv-02166 TLN AC<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, proceeding pro se, is a pre-trial detainee in Butte County Jail. ECF No. 1 at 17. He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. ECF No. 2. Plaintiff's application to proceed in forma pauperis makes the necessary showing that he is unable to afford the cost of suit and will be granted. For the reasons set forth below, this court lacks jurisdiction to hear this case and the complaint must be dismissed without leave to amend.

I.     LEGAL STANDARDS FOR SCREENING PLAINTIFF'S COMPLAINT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),(2). The court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory

or when the factual contentions are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984).

A district court must liberally construe pro se pleadings. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)).

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit under 42 U.S.C.§ 1983 against the County of Butte, the Butte County Sherriff's Office, and Butte County Detective Jason Miller, for violation of plaintiff's Fourth Amendment protection against unlawful arrest. ECF No. 1 at 1, 10-11. Plaintiff argues that he was arrested without probable cause based on hearsay evidence. Id. Plaintiff is currently awaiting trial as a pre-trial detainee in Butte County Jail on charges directly related to the allegedly unlawful arrest. Id. at 7. Plaintiff also brings state claims. Id. at 1. Plaintiff seeks declaratory relief stating that his rights have been violated, a "preliminary and permanent injunction" against the defendants, and damages. Id. at 14.

## III. SCREENING OF PLAINTIFF'S COMPLAINT

The court cannot hear this case because federal courts are barred by the doctrine of Younger abstention from interfering in most ongoing state court cases. See Younger v. Harris, 401 U.S. 37, 43–54 (1971) (holding that federal courts cannot enjoin pending state criminal proceedings). Younger abstention applies to the following "three exceptional categories" of cases identified in New Orleans Public Service, Inc. v. Council of New Orleans (NOPSI), 491 U.S. 350, 367-68 (1989): "(1) 'parallel, pending state criminal proceedings,' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014) (quoting Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 81 (2013)). "The Ninth Circuit also requires that "[t]he requested relief must seek to

enjoin—or have the practical effect of enjoining—ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)). "Each element must be satisfied, and the date for determining whether Younger applies is the date the federal action is filed." Id. (internal citations omitted).

Each element is satisfied in this case. First, parallel state criminal proceedings on charges that form the basis of plaintiff's Fourth Amendment claims are ongoing. Second, the pending state action necessarily implicates the important state interest of determining whether plaintiff is guilty of the violation of state criminal laws. Third, no reason exists that would bar the state court from addressing plaintiff's unlawful arrest claims. And finally, plaintiff's requested relief, which includes a declaration that his arrest was unlawful and an injunction against the defendants, would effectively enjoin the pending state court criminal proceedings. Accordingly, the court finds that Younger abstention applies to this case. This court is therefore divested of jurisdiction to hear any part of this action. Columbia Basin Apartment Ass'n, 268 F.3d at 799. For these reasons, the undersigned recommends the complaint be dismissed.

Because there is no viable federal claim, plaintiff's state claims must also be dismissed; they do not provide an independent basis for jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claim. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

## IV.  NO LEAVE TO AMEND

For the above reasons, this court finds that the allegations of plaintiff's complaint fail to establish federal subject matter jurisdiction, and that these deficiencies cannot be cured by amendment. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

////

V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

IT IS FURTHER RECOMMENDED that this case be dismissed without leave to amend pursuant to the doctrine of Younger abstention.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 30, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE